UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERXAVIER L LANE #508509                CIVIL ACTION NO. 17-cv-547 SEC P

VERSUS                                  CHIEF JUDGE HICKS

LA DEPT OF CORRECTIONS ET AL            MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

JerXavier Lane ("Plaintiff") is a self-represented prisoner who was formerly housed at the David Wade Correctional Center. He filed this civil rights action against several corrections officials and asserted a number of claims. The court earlier granted summary judgment for the defendants and dismissed all claims except an excessive force claim against defendants Farrell, Hauley, and Heard. The court proceeded to a pretrial conference, after which the remaining defendants obtained leave to file a second Motion for Summary Judgment (Doc. 136) that argued Plaintiff's complaint is untimely. For the reasons that follow, it is recommended that the motion be granted and that all remaining claims be dismissed.

**Timing of the Motion**

Plaintiff objects to Defendants raising the timeliness defense so late in the case. Plaintiff filed his complaint in 2017. Defendants filed an answer (Doc. 45) in 2018, but it does not appear that the answer raised the affirmative defense of prescription or limitations. The parties were allowed time to conduct discovery and file dispositive motions.

Defendants filed their first motion for summary judgment (Doc. 71) in March 2019 and attacked the meris of Plaintiff's claims. Their motion did not assert a timeliness defense. The motion was granted except for excessive force claims against three defendants.

The judges in this division do not ordinarily require a joint pretrial order in pro se prisoner cases. Instead, the parties are asked to file separate pretrial statements, which are simple witness and exhibit lists. Notably, the parties are not asked to list or describe their claims and defenses in the pretrial statements. The parties in this case filed their pretrial statements.

The court held a pretrial conference (Doc. 103) and set the trial for June 2020. That trial date was continued due to the COVID-19 pandemic. Doc. 121. The trial was later set for July 2021 (Doc. 128), and a final pretrial conference was held in June 2021. Doc. 130.

A few weeks after the final pretrial conference, in July 2021, Defendants filed a Motion for Leave of Court to File a Rule 56 Motion. Doc. 134. Defendants stated that "the discovery of a prescription issue was an oversight that was neither willful nor intentional." They contended that it would be prejudicial to proceed to trial on the merits when the claim was potentially prescribed, and they argued that good cause exists to allow the filing of the late motion. No facts were articulated in support of the good cause contention.

Plaintiff objects to the court's consideration of the prescription defense at this stage of the case. Failure to plead an affirmative defense in the answer often leads to waiver. But where the matter is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal. Lucas v. U.S., 807 F.2d

414, 417–18 (5th Cir. 1986), citing Allied Chemical Corp. v. Mackay, 695 F.2d 854, 855–56 (5th Cir. 1983).  The defendant does not waive an affirmative defense if "[h]e raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond."  Id. at 856.

Plaintiff cites decisions that have barred claims or defenses that were not included in a pretrial order.  Ordinarily, the pretrial order controls the course of the trial, and the court need not consider matters not contained therein except to prevent manifest injustice.  But a formal joint pretrial order that set forth all claims and defenses was not entered in this case.  The parties merely filed witness and exhibit lists.  Also, the court has discretion to allow an amendment to a pretrial order where no surprise or prejudice to the opposing party results.  Trinity Carton Co., Inc. v. Falstaff Brewing Corp., 767 F.2d 184 n. 13 (5th Cir. 1985).

The information that Defendants rely on to support the defense was available to them from the beginning of the litigation, so the limitations defense should have been raised earlier and could have prevented the expenditure of time and resources on these proceedings.  Even if not pleaded in the initial answer, Defendants should have discovered and presented the defense before the dispositive motion deadline.  On the other hand, taking up the defense now may prevent additional resources being expended on the action.  There is no prejudice to Plaintiff in taking up the defense now as opposed to earlier, because there is no need for any additional discovery to address the defense.  Plaintiff concedes that the relevant dates offered by Defendants are correct, and the court will accept for the sake of argument the facts offered by Plaintiff as equitable reasons to toll the limitations period.

Defendants could and should have raised the defense earlier in the case, but the court may and should nonetheless exercise its discretion to assess the defense at this stage of the case.[1]

**Timeliness**

### A. One Year Period; Louisiana Law Governs

Courts considering Section 1983 claims must borrow the relevant state's statute of limitations for personal injury actions. Louisiana's relevant limitations period is the one-year period found in La. Civ. Code art. 3492. Stringer v. Town of Jonesboro, 986 F.3d 502, 509-10 (5th Cir. 2021); Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989). Plaintiff argues that Article 3492 is not applicable and that the court should use a limitations period found in 42 U.S.C. § 1997e, but that statute does not include a limitations period applicable to Section 1983 claims. The cases cited above set forth the applicable law on this issue, which is well settled.

### B. Suspension While Grievance is Pending

The statute cited by Plaintiff does provide in 42 U.S.C. § 1997e(a) that a prisoner may not bring an action with respect to prison conditions under Section 1983 or other federal law until he has exhausted such administrative remedies as are available. The statute is interpreted broadly and applies to an action such as this one that alleges excessive force. Porter v. Nussle, 122 S.Ct. 983 (2002). Plaintiff did exhaust his administrative remedies by filing a grievance pursuant to the Louisiana's administrative remedy procedure

---

[1] Furthermore, Plaintiff is proceeding IFP, and district courts may raise the defense of limitations sua sponte in such as action. Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

for state prisoners. The time during which a prisoner exhausts administrative remedies is not counted toward the prescriptive period. Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999); Davis v. Young, 624 Fed. Appx. 203, 207 (5th Cir. 2015). An examination of the relevant dates shows that Plaintiff's complaint is untimely even when the grievance period is eliminated.

Plaintiff alleges that the excessive force was inflicted on September 14, 2015. Although the state limitations period is borrowed, federal law governs when a Section 1983 claim accrues. A claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Harris, 198 F.3d at 157. Plaintiff's claim accrued on September 14, 2015, and the one-year limitations period provided by state law commenced on that date. La. Civ. Code art. 3492 ("This prescription commences to run from the day injury or damage is sustained.").

Plaintiff had 90 days under the Louisiana administrative system to file a grievance with the warden. Dillon v. Rogers, 596 F.3d 260, 265–66 (5th Cir. 2010). He filed his grievance on November 24, 2015, which stopped the limitations clock after 70 days had expired. The grievance proceeded through a denial from the Secretary of the Department of Corrections, which Plaintiff received on May 23, 2016. The limitations clock then started to run again and did not stop until Plaintiff filed his complaint with this court.

Pro se prisoners are entitled to a mailbox rule for Section 1983 complaints. It deems the complaint filed when the prisoner tenders it to prison officials for delivery to the clerk of court. Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995). Plaintiff signed his complaint on April 11, 2017, the postage meter date is April 13, and it was received by the

court on April 17. Even affording Plaintiff the assumption that he tendered his complaint to prison officials on the day he signed it, April 11, 2017, about 323 days passed between the end of the grievance process and the filing of the judicial complaint. Thus, a total of approximately 393 unsuspended days passed between the alleged force event and the tendering/filing of the complaint. That is almost four weeks more than the one year (365 days) allowed by state law.

Plaintiff admits that "the dates provided within Defendants' Rule 56 motion are correct." Doc. 149, p. 7. He contends that his complaint is nonetheless timely because Section 1997e provides a limitation period that does not begin to run until the completion of the grievance process. As discussed above, Section 1997e does not provide the limitations period; Louisiana law does. The Louisiana administrative grievance laws and related caselaw are clear that the one-year limitations period is suspended only while a grievance is pending. The time that runs between accrual of the claim and the filing of a grievance counts against the one-year period, and the one year does not commence anew after the grievance process ends.

A Louisiana statute provides for administrative remedy procedures for state prisoners. With respect to the suspension of prescription, it states: "Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered." La. R.S. § 15:1172(E). The Fifth Circuit has cited this statute and stated: "Prescription is suspended upon the filing of a prisoner's grievance

'until the final agency decision is delivered.'" Bargher v. White, 928 F.3d 439, 445 (5th Cir. 2019). Louisiana courts have specifically counted the days that pass between the accrual of the claim and the filing of a grievance. Shannon v. Vannoy, 251 So.3d 442 (La. App. 1st Cir. 2018); Bridget v. Crawford, 110 So.3d 665 (La. App. 3d Cir. 2013). Thus, there is no basis for Plaintiff's argument that his one-year limitations period did not commence until his grievance was denied.

### C. Contra Non Valentem; Equitable Tolling

Plaintiff also argues that he is entitled to equitable tolling because of a strict housing situation and lack of access to materials at certain times. When state law supplies the limitations period, it also supplies any applicable tolling provisions. Gartrell, 981 F.2d at 257. Louisiana's general rule for equitable tolling is known as contra non valentem, under which a prescription is suspended when a plaintiff is effectually prevented from enforcing his rights for reasons external to his own will. Contra non valentem prevents the running of the prescriptive period in four situations:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;

(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or

(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though the plaintiff's ignorance is not induced by the defendant.

Bradley v. Sheriff's Department St. Landry Parish, 985 F.3d 387, 394 (5th Cir. 2020). There was no legal cause that prevented Plaintiff from filing his action on time, nor was there any condition connected with the proceedings that prevented suing on time. Plaintiff knew from the beginning that he had a potential cause of action. Accordingly, the only potentially applicable situation is number three, where the defendant has done some act effectually to prevent Plaintiff from availing himself of his cause of action.

Plaintiff argues that the court should take into consideration that, immediately after the alleged excessive force incident in September of 2015, he was rehoused in a strip cell for approximately 30 days and not allowed to possess any of his personal property. That 30 days preceded the filing of the administrative grievance, so the Section 1983 claim was not even ripe to file in court at that time. And the record reflects that Plaintiff was able to file a timely grievance despite his temporary restrictive housing.

Plaintiff next argues that he was transferred from one prison to another on June 13, 2016 and again on July 26, 2016. He alleges with respect to each transfer that he "was without his property for the entire day due to facility processing procedure." Those two days without personal property, which happened soon after the administrative proceedings were completed, did not prevent Plaintiff from filing his complaint within the allowed year.

Finally, Plaintiff alleges that he was placed in administrative segregation on August 15, 2016 and was again without his personal property for approximately 35 days. A Louisiana prisoner recently urged contra non valentem based on inadequate prison-library resources and legal assistance. The Fifth Circuit rejected the argument as frivolous. Puderer v. Cain, 830 Fed. Appx. 458, 458 (5th Cir. 2020). The Court also rejected a Texas

prisoner's argument that he was entitled to equitable tolling under Texas law when he was in administrative segregation with limited resources during the relevant time. Madis v. Edwards, 347 Fed. Appx. 106, 108 (5th Cir. 2009). The same was true for a habeas petitioner who sought tolling when his "time in lockdown and without access to his legal materials comprise[d] a very small portion of the time he was permitted to pursue his rights." Smith v. Vannoy, 848 Fed. Appx. 624, 629 (5th Cir. 2021).

It noteworthy that Plaintiff, after his stay in administrative segregation ended, had about six additional months in which he could have timely filed a judicial complaint. For whatever reason, he did not do so within the allowed time. Plaintiff's temporary restricted housing may have made it less convenient for him to file a complaint, but there was no state-created impediment that prevented a timely filing. Contra non valentem is not available under the facts alleged by Plaintiff, so Plaintiff's complaint is untimely.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 136) be granted and that all remaining claims in this civil action be dismissed with prejudice as untimely.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of September, 2021.

Mark L. Hornsby
U.S. Magistrate Judge